IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:08cr309

WAYNE D. THOMPSON

**MEMORANDUM OPINION**

Wayne D. Thompson, proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion"). (ECF No. 45.) Thompson asserts entitlement to relief upon the following grounds:[1]

Claim One     "The District Court violated Petitioner's rights by failing to conduct a hearing as required pursuant to Faretta[2] before allowing Petitioner to represent himself at trial." (§ 2255 Mot. 5.)

Claim Two     "Appointed standby counsel provided ineffective assistance by failing to file a 'recusal motion' due to the Court's obvious bias [against] petitioner." (Id. at 6.)

Claim Three     "Petitioner was denied his Sixth Amendment right against self-incrimination when the Court directed petitioner that if he, [petitioner] chose to testify, then the Court would act as his lawyer and, held that petitioner could only answer what the Court asked him to answer." (Id. at 8 (alteration in original).)

---

[1] The Court has corrected the spelling, punctuation, and capitalization in the quotations to Thompson's submissions.

[2] Faretta v. California, 422 U.S. 807 (1975).

Claim Four   "Petitioner is entitled to be re-sentenced in light of the passing of the Fair Sentencing Act of 2010 . . . ." (Id. at 9.)[3]

The Government responds that Claim One is barred from review here and Thompson's remaining claims lack merit. (ECF No. 48.) Thompson has replied. (ECF No. 51.) On April 16, 2013, the Court received a brief in which Thompson claims entitlement to relief based upon the decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (ECF No. 53) (hereinafter "Motion to Amend"). The above matters are ripe for disposition.

## I. PROCEDURAL HISTORY

On July 8, 2008, a federal grand jury in the Eastern District of Virginia, Richmond Division, returned a one-count criminal indictment against Thompson charging him with possession with the intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base within 1000 feet of a public school. (Indictment 1, ECF No. 8.) At his arraignment on July 17, 2008, Thompson informed the Court of his desire to proceed pro se. (July 17, 2008 Tr. 5.) The Court granted Thompson's motion and permitted him to

---

[3] Pub. L. No. 111-220, 124 Stat. 2372.

proceed pro se.[4]  (Id. at 5-6.)  The Court directed the Federal Public Defender to remain in the case as stand-by counsel. (Id. at 6.)

On September 15, 2008, the Government filed notice of its intent to seek a sentencing enhancement under 21 U.S.C. § 851(a)(1) based upon Thompson's prior felony drug conviction. (ECF No. 17, at 1-2.)

On September 19, 2008, following a jury trial, Thompson was convicted on the charge set forth in the Indictment. (Verdict Form 1, ECF No. 21.)

Thompson qualified as Career Offender, with a resulting Sentencing Guideline range of 360 months to life. (Presentence Report ("PSR") ¶ 54, Worksheet D, at 1.) Standby counsel moved for a variant sentence. (ECF No. 25.) At sentencing, the Court granted the motion and sentenced Thompson to 300 months of imprisonment. (Dec. 10, 2008 Tr. 12-13.)

Thompson appealed. On appeal, Thompson argued, inter alia, "that his waiver of counsel and election to proceed pro se was involuntary, unknowing, and unintelligent, and that the district court compounded its error by denying Thompson the assistance of stand-by counsel." United States v. Thompson, 355 F. App'x 769,

---

[4] The late Richard L. Williams, United States District Court Judge, presided over Thompson's trial and sentencing.

771 (4th Cir. 2009). The United States Court of Appeals for the Fourth Circuit affirmed Thompson's conviction and sentence. Id. at 773.

## II. CLAIMS RAISED ON DIRECT APPEAL

Claim One is barred from review here because the Fourth Circuit rejected the claim on direct review and Thompson fails to identify an intervening change in the law that would warrant its reconsideration. See United States v. Linder, 552 F.3d 391, 396-97 (4th Cir. 2009) (citing cases); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Accordingly, Claim One will be dismissed.

In Claim Three, Thompson contends that the Court violated his "right against self-incrimination when the Court directed petitioner that if he, [petitioner] chose to testify, then the Court would act as his lawyer and, held that petitioner could only answer what the Court asked him to answer." (§ 2255 Mot. 8 (alteration in original).)[5] Thompson contends that he raised this claim on direct review. (Id.) In rejecting that claim, the Fourth Circuit concluded "the court properly exercised its discretion in ruling that, if Thompson elected to testify, the

---

[5] Thompson incorrectly cites the Sixth Amendment as the source of the right against self-incrimination. See U.S. Const. amend. V. ("No person shall . . . be compelled in any criminal case to be a witness against himself . . . .").

4

court would ask questions of him and would not allow him to testify in narrative form." United States v. Thompson, 355 F. App'x 769, 772 (4th Cir. 2009). Thus, to the extent Thompson seeks to advance the same claim he raised on direct appeal, it is barred from review here. See Boeckenhaupt, 537 F.2d at 1183. Furthermore, because Thompson declined to testify, he cannot now claim the Court's conditional ruling regarding the introduction of his testimony violated his right against self-incrimination. United States v. Wilson, 307 F.3d 596, 600-01 (7th Cir. 2002) (concluding that defendant waived the right to contend that the trial court's conditional ruling violated his privilege against self-incrimination when he decided not to testify); United States v. Bond, 87 F.3d 695, 700-01 (5th Cir. 1996). Accordingly, Claim Three will be dismissed.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall

'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

In Claim Two, Thompson faults standby counsel for not moving for the recusal of Judge Williams. Thompson contends Judge Williams expressed "obvious bias [against] petitioner" because he instructed standby counsel "to ONLY speak when directed by the Court." (Mem. Supp. § 2255 Mot. 5-6.) A district court "has . . . broad discretion to guide what, if any, assistance standby, or advisory, counsel may provide to a defendant conducting his own defense." United States v. Lawrence, 161 F.3d 250, 253 (4th Cir. 1998) (citing United States v. Singleton, 107 F.3d 1091, 1103 (4th Cir. 1997)). Such discretion permits the Court "to insist that [a defendant's] case be presented in court either by his attorney or by [the

defendant], but not by a combination of the two." Singleton, 107 F.3d at 1103. Given the reasonableness of the Court's restrictions, standby counsel wisely refrained from the recusal motion Thompson urges here.[6] Because Thompson fails to demonstrate deficiency on the part of counsel, Claim Two will be dismissed.

### IV. FAIR SENTENCING ACT

In Claim Four, Thompson contends the Court must resentence him in light of the Fair Sentencing Act of 2010 ("FSA").[7] "The FSA is not retroactive for offenders[, such as Thompson,] who were sentenced prior to enactment of the statute." United States v. Boomer, 591 F. App'x 778, 781 (4th Cir. 2013) (citing Bullard, 645 F.3d at 248). Accordingly, Claim Four will be dismissed.

### V. MOTION TO AMEND

In his Motion to Amend, Thompson contends that, in light of the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), he no longer possesses the two

---

[6] Thompson fails to direct the Court to any circumstances that suggest bias by Judge Williams against Thompson.

[7] The FSA "was signed into law [on] August 3, 2010." United States v. Bullard, 645 F.3d 237, 246 (4th Cir.), cert. denied, 132 S. Ct. 356 (2011). The Court sentenced Thompson on December 10, 2008. (ECF No. 30, at 1.)

predicate felony offenses to qualify as career offender.[8] (Mot. Amend 2-9, ECF No. 53.) As pertinent here, in <u>Simmons</u>, the Fourth Circuit concluded that "if a particular defendant 'could not have received a sentence in excess of twelve months' for his [state] conviction, the government cannot use it as a predicate [felony] for federal sentencing enhancement purposes." <u>United States v. Copeland</u>, 707 F.3d 522, 526 (4th Cir. 2013) (first alteration in original) (quoting <u>Simmons</u>, 649 F.3d at 239-40, 249)) (some internal quotation marks omitted). Here, Thompson could have received, and in fact received, a sentence in excess of twelve months for his Virginia convictions for possession of cocaine with intent to distribute (PSR ¶ 30) and possession with intent to distribute more than a half ounce, but less than five pounds of marijuana (<u>id.</u> ¶ 34). Accordingly, Thompson's Motion

---

[8] Section 4B1.1 of the United States Sentencing Guidelines provided that a defendant should be classified as a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

United States Sentencing Commission, <u>Guidelines Manual</u>, § 4B1.1(a) (May 2008).

to Amend (ECF No. 53) to add a claim for relief under Simmons is futile and will be denied.

Thompson's § 2255 Motion (ECF No. 45) will be denied. Thompson's Motion to Strike the Government's Response (ECF No. 51) will also be denied. The action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Thompson has not satisfied this standard. Accordingly, the Court will deny a COA.

The Clerk is directed to send a copy of this Memorandum Opinion to Thompson and counsel for the Government.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: December 17, 2017
Richmond, Virginia

9